IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | CRIMINAL ACTION |
| | : | NO. 10-225 |
| v. | : | |
| | : | |
| JOSE TORRES, | : | |
|     Petitioner | : | |

**Jones, II, J.**                                                                                                                                                                                                                             **June 29, 2015**

### **MEMORANDUM**

On February 17, 2015, Jose Torres ("Petitioner") filed a *pro se* Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (Dkt No. 38 [hereinafter Pet.]) Petitioner raised four grounds for relief in his Petition: (1) the appellate waiver in his Plea Agreement was not taken knowingly and voluntary, (Pet. at 4, 13), (2) the Indictment was defective because it did not charge an offense against the United States, (Pet. at 5, 14-17), (3) Petitioner's counsel was ineffective during plea negotiations, (Pet. at 7, 17-19), and (4) Petitioner's counsel was ineffective in failing to challenge the Indictment. (Pet. at 20-21.)

On March 19, 2015, the Government filed a Response. (Dkt No. 41 [hereinafter Resp.]) On April 13, 2015, Petitioner filed a Reply. (Dkt No. 42 [hereinafter Rep.])

Upon consideration of the *pro se* Petition and all attendant responses and replies, the original Indictment, (Dkt No. 1 [hereinafter Indictment]), the transcript of the plea hearing, (Dkt No. 25 [hereinafter Pl. Trans.]), the Government's plea memorandum, (Dkt No. 19 [hereinafter Pl. Mem.]), the pre-sentencing report, the judgment of this Court issued September 24, 2012, (Dkt No. 27 [hereinafter Judgment]), Petitioner's *pro se* appeal of the Judgment, (Dkt No. 28 [hereinafter Appeal of Judgment]), and the Third Circuit Court's Order affirming the

1

enforcement of the appellate rights waiver of the Plea Agreement, (Dkt No. 35 [hereinafter Circuit Court Order]), this Court holds that the appellate waiver in the Plea Agreement is enforceable. Petitioner's Petition is DISMISSED.

## I. Standard of Review

A § 2255 Motion to Vacate, Set Aside, and/or Correct Sentence may be granted on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

A district court must grant an evidentiary hearing when the records in the case are "inconclusive on the issue of whether movant is entitled to relief." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (citing *Solis v. U.S.*, 252 F.3d 289, 294-95 (3d Cir. 2001)). A § 2255 motion "can be dismissed without a hearing [only] if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quoting *Engelen v. U.S.*, 68 F.3d 238, 240 (8th Cir. 1995)).

"The standard governing…requests [for evidentiary hearings] establishes a reasonably low threshold for habeas petitioners to meet." *Id.* (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989). A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A Defendant's waiver of appellate rights or rights to collaterally attack a conviction or sentence shall be enforced so long as it was entered knowingly and voluntarily and enforcement of the waiver would not create a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). The Court will analyze whether (1) Petitioner entered his Plea Agreement knowingly and voluntarily, (2) whether one of the specific exceptions set forth in the Plea Agreement applies, and (3) whether the enforcement of the waiver would create a miscarriage of justice. *United States v. Mabry*, 536 F.3d 231, 244 (3d Cir. 2008).

## II. Background

On March 13, 2012, Petitioner pled guilty to conspiracy to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A). (Indictment at 1; Plea at 12.) At his plea hearing, after Petitioner was placed under oath, the Court explained to Petitioner that he could ask questions and confer with his lawyer throughout the Plea Hearing. (Pl. Trans. 4:18-5:2.) Petitioner testified that he was using the services of a court translator to translate the proceedings from the English language to the Spanish language. (Pl. Trans. 5:24-6:2; 9:6-9.) The Court confirmed that Petitioner understood everything the translator was saying to him. (Pl. Trans. 5:24-6:2.)

Even though Petitioner admitted to a former drug and alcohol problem, and to taking prescription medication for a psychiatric condition, Petitioner stated that he was able to fully understand what was taking place at the hearing. (Pl. Trans. 6:12-8:11.) Petitioner stated that his attorneys had gone over all the charges in the Indictment with him, had explained his trial rights and defenses, and that he was satisfied with his representation. (Pl. Trans. 9:13-21.)

Petitioner agreed that he had signed and entered into a Plea Agreement voluntarily and of his own free will. (Pl. Trans. 10:4-11:4, 13:16-23, 28:9-14.) The Court then explained the

maximum and minimum penalties for the charges against Petitioner. (Pl. Trans. 16:19-17:10; 17:23-20:18.) The Court recited a litany of the various Constitutional rights that Petitioner was waiving as a result of pleading guilty. (Pl. Trans. 21:19-23:24.) The Court's colloquy included a thorough explanation about Petitioner's waiver of his appellate rights due to his Plea Agreement. (Pl. Trans. 23:25-25:5; Pl. Mem. ¶¶ 1, 8.)

After an explanation of each and every aspect of the Petitioner's Plea Agreement, Petitioner pled guilty for one count of conspiracy to distribute 5 kilograms or mores of cocaine based in violation of 21 U.S.C. § 846. (Pl. Trans. 29:19-30:19.)

On September 24, 2012, the Court sentenced Petitioner to one hundred eighty-eight (188) months incarceration and five (5) years of supervised release. (Judgment at 2-3.) On October 2, 2012, Petitioner filed a *pro se* appeal of the Judgment to the Third Circuit. (Appeal of Judgment.) The Government moved to have the appellate rights waiver of the Plea Agreement enforced and the Third Circuit granted the motion. (Circuit Court Order.) On October 3, 2015, Petitioner filed the Petition in accordance with 28 U.S.C. § 2255. (Pet.)

**III.    Analysis**

    **A.  Petitioner entered his Plea Agreement knowingly and voluntarily.**

The Court finds that Petitioner knowingly and voluntarily entered into the Plea Agreement on March 13, 2012. In doing so he agreed to all terms of the Plea Agreement, including the waiver of his appellate rights.

"A criminal Defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). Similarly, a Defendant may knowingly and voluntarily waive his statutory rights, including the right to appeal. *Khattak*, 273 F.3d at 561 (citing *United States v. Teeter*, 257

F.3d 14, 21 (1st Cir. 2001)); *see also Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("The accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.").

"In determining if a waiver of appeal was entered into knowingly and voluntarily," the actions of the Judge who presided over the case are "critical." *Khattak*, 273 F.3d at 563. It is necessary to look at the record of the proceedings, including the language of the Plea Agreement itself and how the Plea colloquy was conducted. *Mabry*, 536 F.3d at 237-38 (citing *United States v. Gwinnett*, 483 F.3d 200, 204-05 (3d Cir. 2007)).

First, the Plea Agreement extensively outlined Petitioner's appellate rights waiver:

> In exchange for the undertaking made by the Government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. §1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> Notwithstanding the waiver provision above, if the Government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> If the Government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
> > (1) The defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;
> >
> > (2) The sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
> >
> > (3) The sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
>
> If defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

(Plea at 10 ¶ 8.)

Second, during the Plea Hearing, Petitioner repeatedly affirmed that he was voluntarily and knowingly entering into the Plea Agreement. The Court began the Hearing by telling Petitioner that Petitioner would be afforded any time during the Hearing to ask questions and confer with counsel. (Pl. Trans. 4:18-5:2.) The Court asked numerous times whether the Petitioner was taking the Plea Agreement of his own free will and not due to force, threat of force or coercion:

> [THE COURT]: Did you sign the Plea Agreement?
>
> [MR. TORRES]: Yes, Sir, I did.
>
> [THE COURT]: And you did so voluntarily?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: And you did so of your own free will?
>
> [MR. TORRES]: Yes, Sir.
>
> \*\*\*
>
> [THE COURT]: Mr. Torres, did anyone threaten you or force you to sign this agreement?
>
> [MR. TORRES]: No, Sir.
>
> [THE COURT]: Did anyone tell you what to say today or put words in your mouth?
>
> [MR. TORRES]: No, Sir.
>
> [THE COURT]: Sir, are you pleading guilty of your own free will?
>
> [MR. TORRES]: Yes, Sir, I am.
>
> \*\*\*
>
> [THE COURT]: Mr. Torres, do you still wish to plead guilty in this matter?
>
> [MR. TORRES]: Yes, Sir.

[THE COURT]: Once again, has this decision to plead guilty been made of your own free will?

[MR. TORRES]: Yes, Sir.

(Pl. Trans. 10:4-11:4; 13:16-23; 28:9-14.) The Court further explained the extent of the appellate rights waiver and its consequences for Petitioner:

[THE COURT]: I am going to talk to you about the Appellate Rights that you are giving up or waiving due to this Plea Agreement that you entered into.

[MR. TORRES]: Yes, Sir.

[THE COURT]: Now, this Plea Agreement severely limits your right to appeal. It also prevents you from using a late proceeding like a habeas corpus petition to challenge your conviction, the sentence or any other matter. Based on the Plea Agreement that you entered into with the Government, you can only appeal if [1] the Government appeals from the sentence imposed, [2] if I impose a sentence which exceeds the statutory maxim for any count, [3] if I erroneously depart upward under the Sentencing Guidelines, or [4] if in exercising my discretion pursuant to a United States Supreme Court case called *United States v. Booker*, I impose an unreasonable sentence above the final Sentencing Guidelines that are determined by this Court. Now, do you fully understand that?

[MR. TORRES]: Yes, Sir.

[THE COURT]: Sir, I ask you again, do you understand that by entering a guilty plea there will be no trial and you are giving up forever the right to a trial and the other Constitutional rights and Appellate Rights that I have explained to you up to this point in time?

[MR. TORRES]: Yes, Sir.

[THE COURT]: And do you understand that by pleading guilty and by waiving the rights that I've discussed with you, aside from appealing your sentence in the limited situations that I've just described you cannot later come to any Court and claim that you were not guilty or that your rights have been violated?

[MR. TORRES]: Yes, Sir.

[THE COURT]: Now, Mr. Torres, having heard from me what your rights are if you plead not guilty and what may occur if you plead guilty, do you still want to give up your right to a trial and plead guilty?

[MR. TORRES]: Yes.

7

>     [THE COURT]: Very well.

(Pl. Trans. 23:25-25:5.) This colloquy was sufficient to establish that Petitioner entered the Plea Agreement, including the waiver of appellate rights, knowingly and voluntarily.

Moreover, on direct appeal, the Third Circuit found that the Plea Agreement was entered into "knowingly and voluntarily" by Petitioner:

> "[T]his sentencing issue falls within the scope of his appellate waiver, he knowingly and voluntarily agreed to the waiver, and enforcement of the waiver would not work a miscarriage of justice. Thus, [w]e will enforce an appellate waiver and decline to review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."

(Circuit Court Order at 1 (internal citations omitted.)) The Court's independent review aligns with this prior holding. Thus, the Court dismisses Petitioner's Ground One claim that the Plea Agreement was not taken knowingly and voluntarily.

### B. The exceptions set forth in the Plea Agreement do not apply to Petitioner's claims on appeal.

The Plea Agreement provides four limited exceptions to the waiver of appellate rights. Petitioner may appeal "if the Government appeals from the sentence." (Pl. Mem. ¶ 8.) This exception is not at issue here because the Government has not appealed the sentence.

Petitioner also may raise claims on appeal that: (1) Petitioner's sentence exceeds the statutory maximum, (2) the sentencing Judge erroneously departs upward from the Sentencing Guidelines, and/or (3) pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the sentencing judge imposed an unreasonable sentence above the final Sentencing Guideline range. (Pl. Mem. ¶ 8.)

None of Petitioner's claims relate to these four exceptions. The exceptions do not apply.

8

### C. Government enforcement of the appellate rights waiver would not work a miscarriage of justice.

An appellate waiver entered into knowingly and voluntarily may still be unenforceable if its enforcement would create a miscarriage of justice. *United States v. Jackson*, 523 F.3d 234, 242-43 (3d Cir. 2008); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). The waiver must be enforced unless the Court identifies "the unusual circumstance" of "an error amounting to a miscarriage of justice" in his sentence. *Khattak*, 273 F.3d at 562. To determine whether enforcement would create a miscarriage of justice, the Court considers:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the Government, and the extent to which the defendant acquiesced in the result.

*Id.* at 563 (quoting *Teeter*, 257 F.3d at 25-26). The "miscarriage of justice" exception to enforcement of a voluntarily and knowingly entered waiver should be applied "sparingly and without undue generosity." *United States v. Wilson*, 429 U.S. F.3d 455, 458 (3d Cir. 2005) (quoting *Teeter*, 257 F.3d at 26.)).

The Court considers each of Petitioner's remaining claims for relief to determine whether or not enforcement of the waiver would create a miscarriage of justice.

### i. Enforcement of the waiver as to Petitioner's claim of a defective Indictment would not amount to a miscarriage of justice.

Petitioner claims that there is a jurisdictional defect in the Grand Jury Indictment because the Indictment does not allege that the crime was committed "willingly." (Pet. at 14-16.) He asserts that "willingly" is an implied element necessary to form the requisite *mens rea* of the crime, and, due to its absence, the Indictment is defective and his sentence should be vacated. (Pet. at 14-16.) There is no such defect in the Indictment.

9

The omission of an element from an indictment is not a jurisdictional defect. *United States v. Cotton*, 535 U.S. 625, 629-31 (2002). An indictment is sufficient if, considered in its entirety, it contains the elements of the offense and adequately informs the Defendant of the charges. *United States v. Whited*, 311 F.3d 259, 262 (3d Cir. 2002).

Petitioner was charged with conspiracy to violate 21 U.S.C. § 841 (a)(1). (Indictment.) "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offence, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance…." 21 U.S.C. § 841 (a)(1).

The Grand Jury Indictment alleged that Petitioner,

> [C]onspired and agreed, together with others known and unknown to the grand jury, to knowingly and intentionally distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code Section 841 (a)(1), (b)(1)(A).

(Indictment.) The Indictment contains all the essential elements of the crime charged against Petitioner and uses language similar to the statutes in question. "Willingly" is not a necessary element of the crime charged. Petitioner's claim that the Indictment is insufficient is without merit. Enforcement of an appellate waiver as to a meritless claim would not constitute a miscarriage of justice.

### ii. Enforcement of the appellate waiver as to Petitioner's claim of an inadequate colloquy in violation of Federal Rule of Criminal Procedure 11 would not constitute a miscarriage of justice.

Petitioner argues that the colloquy conducted by the Court was inadequate because it violated Fed. R. Crim. P. 11 and the mandatory requirements outlined in *Boykin v. Alabama*, 295

U.S. 238, 240-44 (1969). (Pet. at 18.) Petitioner exhibits an exhaustive list of the purported failures of the Court. (Pet. at 18.) However, during the colloquy, the Court addressed and apprised Petitioner of each purported failure with the exception of one.[1] The Court's entire colloquy on these issues was as follows:

> [THE COURT]: Now, sir, do you understand that you have the right to plead not guilty and have your case tried either by a jury of 12 people or by a Judge sitting alone?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: Do you understand that you are presumed innocent and the Government would be required to prove you guilty beyond a reasonable doubt of each and every element of the crime charged before you could be found guilty?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: Do you understand that you have a right to the assistance of an attorney at every stage of the proceedings, including before a trial, during a trial, after a trial and for any appeals to the higher Courts, and if you cannot afford an attorney, the Court would appoint one for you free of charge?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: Do you understand that at trial you have a right to a jury of your peers drawn from the residents of this District, and you would get help from your attorney in selecting who was on that jury and who was not on that jury?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: Do you understand that in order to find you guilty, the verdict of the jury would have to be unanimous? That means that all 12 jurors would have to agree that you were proven guilty by the Government beyond a reasonable doubt?
>
> [MR. TORRES]: Yes, Sir.

---

[1] The Court failed to apprise Petitioner of "the government's right, in a prosecution for perjury or false statements, to use against the [Petitioner] any statement that the [Petitioner] gives under oath." Fed. R. Crim. P. 11(b)(1)(A). The failure to give this warning is relevant only to the admissibility of the testimony from the Plea Hearing in a subsequent prosecution for perjury or false statement. *United States v. Fulford*, 825 F.2d 3, 8 (3d Cir. 1987). This omission does not render the plea involuntary or unknowingly made.

[THE COURT]: Now, do you understand that at a trial, you would have the right to present your own witnesses, including character witnesses whose testimony alone could raise a reasonable doubt about your guilt?

[MR. TORRES]: Yes, Sir.

[THE COURT]: Do you understand that at trial, you could obtain a subpoena or Court order to make witnesses come to Court and testify during the trial on your behalf?

[MR. TORRES]: Yes Sir.

[THE COURT]: Sir, do you understand that at trial, the Government's witnesses would have to come to Court and testify in your presence, and you would have the right to confront and cross examine them?

[MR. TORRES]: Yes, Sir.

[THE COURT]: Specifically, you and your attorney would be in the Courtroom, you would face, see, hear and question the Governments' witnesses against you, do you understand that?

[MR. TORRES]: Yes, Sir.

[THE COURT]: Now, sir, are you aware that by pleading guilty, you are giving up your right to challenge the way or manner in which the Government seized evidence against you?

[MR. TORRES]: Yes, Sir.

[THE COURT]: At a trial, you would have the right to testify if you chose to do so, do you understand that?

[MR. TORRES]: Yes, Sir.

[THE COURT]: However, do you also understand that at trial you would not have to testify or take the witness stand?

[MR. TORRES]: Yes, Sir.

[THE COURT]: In fact, no one could force you to do that, do you understand?

[MR. TORRES]: Yes, Sir.

[THE COURT]: If you decided not to take the witness stand, neither the Assistant United States Attorney nor even I as the Judge could comment on or make reference

> to the fact you chose not to testify. In fact, I would instruct the jury that no adverse inference or suggestion of guilt could be drawn from the fact that you did not testify because it is your right not to testify. Do you understand that?
>
> [MR. TORRES]: Yes, Sir.
>
> [THE COURT]: Now, sir, do you understand that if you were found guilty you could appeal such a finding of guilt to a higher Court, which could set aside or modify the finding of guilt or grant you a new trial?
>
> [MR. TORRES]: Yes Sir.
>
> [THE COURT]: Now, Mr. Torres, have you understood everything that I have talked to you about and asked you about so far?
>
> [MR. TORRES]: Yes, Sir.

(Pl. Trans. 21:3-23:24.) The Court further notified Petitioner of the various Constitutional rights, (Pl. Trans. 20:19-23:24), and statutory appellate rights, (Pl. Trans. 23:25-25:5), he was waiving in accepting the Plea Agreement. Petitioner's claim of an inadequate colloquy is without merit. Enforcement of the appellate waiver as to this claim would not constitute a miscarriage of justice.

### iii. Enforcement of the plea waiver as to Petitioner's claim of ineffective counsel would not constitute a miscarriage of justice.

Plaintiff claims that his failure to enter the Plea Agreement knowingly and voluntarily was due to the ineffective assistance of counsel. (Pet. at 20-21.) This claim is without merit.

An appellate waiver can bar claims of "ineffective assistance of counsel." *See Mabry*, 536 F.3d at 243 (citing *Wilson*, 429 F.3d at 458). An appellate waiver does not "become unenforceable simply because a defendant claims ineffective assistance of counsel." *United States v. Nance*, 500 F. App'x 171, 179 (3d Cir. 2012) (non-precedential) (quoting *United States v. Monzon,* 359 F.3d 110, 118 (2d Cir. 2004) (internal citations omitted)). There is no "blanket rule" allowing Petitioner to invalidate the waiver based upon claims of ineffective counsel.

*United States v. Mitchell*, 538 F. App'x 201, 203 (3d Cir. 2013) (non-precedential). In only rare circumstances has the Third Circuit found ineffective counsel to create a miscarriage of justice. *See, e.g.*, *Mabry*, 536 F.3d at 243; *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007). There must be a substantial showing of the specific inadequacies of counsel and not just overbroad allegations of ineffectiveness. *Santana v. United States*, 98F.3d 752, 757 (3d Cir. 1996.)

Petitioner's claim that ineffective assistance of counsel led to his involuntary and unknowing acceptance of the Plea agreement is without merit. The Court has already held that the Plea Agreement and the Court's colloquy at the Plea Hearing ensured that Petitioner entered into his Plea knowingly and voluntarily. Moreover, Petitioner stated that he was satisfied with his representation throughout his Plea Hearing. (Pl. Trans. 9:13-21; 10:15-23.) Plaintiff has not provided a substantial showing of the specific inadequacies of his counsel as to affect the Court's prior holding that the Plea Agreement was entered into knowingly and voluntarily. The enforcement of the appellate waiver as to this claim would not create a miscarriage of justice.

### iv. Enforcement of the appellate waiver as to Petitioner's claim of ineffective counsel would not constitute a miscarriage of justice.

Petitioner claims that his counsel was ineffective in failing to challenge the Indictment. (Pet. at 20-21; Rep. at 4.) The Court has already held that Petitioner's claim that the Indictment was insufficient was meritless. "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (citing *Commonwealth v. Carpenter,* 725 A.2d 154, 161 (1999)). Petitioner's counsel was not ineffective for failing to challenge the Indictment. The enforcement of the appellate waiver as to this claim would not constitute a miscarriage of justice.

**IV.     Conclusion**

The appellate waiver in Petitioner's Plea Agreement is enforceable. Petitioner's claims are dismissed.

A certificate of appealability is denied because this Court previously found that (1) Petitioner knowingly and voluntarily entered a plea agreement; (2) this agreement waived his right to present any collateral challenge to his conviction and sentence, absent exceptions that were not present in this case, and (3) Petitioner did not allege any miscarriage of justice sufficient to overcome that waiver. *Khattak*, 273 F.3d 557. Further, Petitioner failed to make a substantial showing of the denial of any constitutional right. 28 U.S.C. § 2253(2).

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II     J.